**\*\*CAPITAL CASE\*\***

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS

No. 6:23-cv-06011-SOH-BAB

Randy William Gay,                                                                                 Petitioner

Dexter Payne, Director
Arkansas Division of Correction,                                                      Respondent

### Brief in Support of Motion for Appeal of Magistrate Order Denying Petitioner's Motion for Leave to File Supplement Briefing

Pursuant to Local Rule 72(a), Petitioner Randy Gay submits this brief in support of his motion to appeal the Magistrate's order denying him leave to brief the constitutionality of 28 U.S.C. § 2254(d)(1) following *Loper Bright Enterprises v. Raimondo,* 603 U.S. 369 (2024). (Doc. 54). In support of this Motion, counsel states as follows.

### INTRODUCTION

In *Loper Bright*, the Supreme Court invalidated *Chevron* deference—that is, deference to administrative agency interpretations of federal statutes. The Court reached its decision by relying on the proper and fundamental role of federal courts to independently exercise their judicial power to interpret laws, to interpret the federal Constitution, and to apply theses interpretations to the facts of the case at hand. *Id.* at 385–87, 399–400. Because abdication of Article III power has proven to be untenable

1

following *Loper Bright*, a growing number of federal habeas petitioners have raised, briefed, and are presently litigating the constitutionality of AEDPA deference and its impact on federal courts' authority to grant their writs. *See* Section III, *infra*. As numerous courts are currently in the process of considering the issue, including the neighboring Eastern District of Arkansas, Gay followed suit and sought leave to file supplemental briefing on this important legal question, the answer of which would significantly impact resolution of his habeas petition. (Doc. 41). On February 25, 2025, Magistrate Judge Bryant issued the following order denying Gay's motion:

> Petitioner seeks leave to brief the issue of whether the Supreme Court's decision in *Loper Bright Enterprises v. Raimondo,* 603 U.S. 369 (2024), renders the deference given to state court decisions under the AEDPA unconstitutional. The *Loper Bright* decision was based on the conclusion that the deference given agency decisions under *Chevron* could not be squared with the language of the Administrative Procedures Act. The *Loper Bright* decision did not render all statutory limits on federal judicial review, including the AEDPA, unconstitutional. The Court concludes further briefing is not necessary on this issue.

(Text Order, Doc. 52). The order denying briefing is contrary to law and an abuse of discretion requiring *de novo* review and reversal by the Court.

Pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Western District of Arkansas Local Rule 72.1 (VII-B), the district court reviews non-dispositive orders of a Magistrate Judge based on whether the order is "clearly erroneous or contrary to law." "A decision is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008) (citations and internal

2

quotation marks omitted). Factual findings are reviewed for clear error while legal conclusions are reviewed *de novo*. *See generally U.S. v. Muhammad*, 58 F.3d 353, 355 (8th Cir. 1995); *accord Robertson v. Payne*, No. 4:20-cv-1171-KGB-ERE, 2022 WL 867962, at *1 (E.D. Ark. Mar. 23, 2022). Because the Magistrate's order was contrary to law, the Court "must modify or set aside" the order. *See* Fed. R. Civ. P. 72(a).

## ARGUMENT

Gay advances three arguments in support of his appeal. First, the Magistrate's order is contrary to law for finding *Loper Bright* inapplicable because it did not render "all statutory limits" on Article III power unconstitutional. Second, the Magistrate improperly prejudged the merits of the constitutional question without allowing any briefing. And third, unlike all other courts in the Eighth Circuit currently addressing this question, the Magistrate concluded that *Loper Bright* was inapplicable to Gay's pending habeas petition. For these reasons, the Magistrate's order denying Gay's request to file supplemental briefing should be reversed. For the convenience of the parties and the Court, Gay has tendered a proposed supplemental brief for the Court to consider were the Magistrate's Order reversed and Gay's motion for leave granted. (Doc. 54, Exhibit 1).

**I.   The Magistrate's Order was an abuse of discretion and contrary to law.**

The Magistrate's sole basis for denying briefing was the conclusion that *Loper Bright* is not relevant because it was statutory and did not "render all statutory limits" unconstitutional. (Doc. 52). That characterization is wrong. Just because *Loper Bright*

3

did not render "**all** statutory limits" unconstitutional is not a legally valid reason for denying supplemental briefing. Not only was the Magistrate's conclusion legal error, the lack of any legal reasoning for the denial amounts to an abuse of discretion. *See Williams v. York*, 891 F.3d 701, 706 (8th Cir. 2018) ("[A]n error of law is necessarily an abuse of discretion."); *Kennedy Bldg. Assoc. v. CBS Corp.*, 476 F.3d 530, 534 (8th Cir. 2007) ("A district court abuses its discretion when it bases its decision on a legal error.").

First, the purpose of supplemental briefing is to provide relevant caselaw and guidance on an open legal question—a question that could significantly impact resolution of Gay's habeas petition. *See Holland v. Payne*, 4:22-cv-01063-LPR (E.D. Ark. Feb. 5, 2025) at Doc. 56 (authorizing supplemental briefing because "the issue is not an entirely frivolous one, and a man's life is on the line") (emphasis in order). Gay does not have to prove success on the merits in order to be granted leave to brief the impact of *Loper Bright*.

Second, it is correct that *Loper Bright* did not "render all statutory limits on federal judicial review, including the AEDPA, unconstitutional." (Doc. 52). However, that is not dispositive, or even relevant, to Gay's briefing request. The Supreme Court overruled *Chevron* because it had "become an impediment . . . to accomplishing the basic judicial task of 'say[ing] what the law is'" as it pertains to agency decisions. *Loper*, 603 U.S. at 401 (quoting *Marbury v. Madison*, 5 U.S. 137, 177 (1803)). The Court's analysis involved lengthy discussions on the scope of Article III judicial power and

4

emphasized how an act of Congress—like the AEDPA—cannot usurp the judicial power of the federal courts. *Id.* at 384–86 (explaining that the Constitution "assigns to the Federal Judiciary the responsibility and power to adjudicate 'Cases' and 'Controversies'").[1]

The Administrative Procedure Act requires courts in agency cases to decide questions of law and interpret constitutional and statutory provisions. *Id.* at 391–92. *Chevron*, the Court concluded, upended these core constitutional principles by taking power away from the courts. *Id.* at 388–89 (*Chevron* forced courts "to *ignore*, not follow, the reading [of the law] the court would have reached had it exercised its independent judgment") (cleaned up). Deference under § 2254(d)(1) is incompatible with Article III independence for the exact same reasons that *Chevron* deference is.[2] This is why numerous habeas petitioners are currently briefing this significant constitutional question and why Gay should be permitted to do the same.

---

[1] For detailed history and analysis on how § 2254(d) deference conflicts with the constitutional requirement of an independent federal judiciary, *see* Anthony G. Amsterdam & James S. Liebman, *Loper Bright and the Great Writ*, 56 COLUM. HUM. RTS. L. REV. 1, 54, 125–36 (2025) (discussing with specificity how constitutional critiques of *Chevron* deference apply with equal, if not greater, force to AEDPA deference).

[2] Further, § 2254(d)(1) has routinely been questioned as potentially problematic in relation to Article III power. Indeed, prior to *Loper Bright*, courts examining early challenges to § 2254(d)(1) have recognized *Chevron*'s relevance and relation to AEDPA. (*See* Doc. 41 at 4).

True, *Loper Bright* did not conclude that **all** statutory limitations on judicial review are unconstitutional, but it did not need to in order for the decision to be highly relevant and analogous to the Court's required deference under the AEDPA.

**II. The Magistrate improperly prejudged the merits.**

If briefing was ordered, Gay can further explain how *Loper Bright*'s underpinnings, which included a robust analysis of Article III independence, is applicable to this Court's resolution of Gay's petition. *Id.* at 408–12 (majority opinion); *id.* at 413–16 (Thomas, J., concurring); *id.* at 416–48 (Gorsuch, J., concurring). Because this point was made both in his Motion for Leave and Reply in Support, Gay will not rehash these arguments but incorporates them by reference to aid this Court's decision. (Doc. 41 at 3–5; Doc. 47 at 2).

The Magistrate's order is also wrong because whether § 2254(d)(1) violates Article III is an open question in the Eighth Circuit. In neighboring circuits, existing precedent upheld § 2254(d)(1) amidst Article III challenges. (Doc. 41 at 2). Thus, *Loper Bright* would need to have unsettled that circuit precedent. Gay does not need to shoulder this burden because there is no Eighth Circuit precedent that speaks to whether § 2254(d)(1) is permissible under Article III. All that is relevant is that *Loper Bright* provides new and important support for the proposition that (d)(1) deference violates Article III, which is a proposition that is open in this Court. It was fundamentally unfair to deny briefing based on a cursory and unsupported legal conclusion when the underlying issue remains an open question.

6

### III. The Magistrate's denial of leave to brief the *Loper Bright* question is an outlier among the courts.

No other court in the Eighth Circuit has refused leave on this question. In the Eastern District, Judges Marshall, Rudofsky, and Baker authorized supplemental briefing, respectively, in *Johnson v. Payne*, No. 4:21-cv-22-DPM (E.D. Ark. Jan. 23, 2025), *Holland v. Payne*, No. 4:22-cv-01063 (E.D. Ark. Feb. 2, 2025), and *Decay v. Payne*, 5:15-cv-00203 (E.D. Ark. Mar. 10, 2025). In the Eastern District of Missouri, Judge Fleissig authorized Petitioner to file up to 50 pages of supplemental briefing. *McFadden v. Stange*, No. 4:18-cv-01559-AGF (E.D. Mo. Feb. 24, 2025) at Doc. 103 (petitioner's supplemental brief). Same goes for the District of South Dakota, *Piper v. Att'y Gen.*, No. 5:20-cv-5074 (D.S.D.) at Doc. Nos. 132, 136–139 (supplemental briefing and 28 U.S.C. § 2403 certification).

In *Washington v. Marshall*, the district court issued a certificate of appealability ("COA") on whether "the principles underlying" *Loper Bright* "imply that AEDPA deference, which interprets 28 U.S.C. 2254(d), is unconstitutional." No. 2:14-cv-60-ECM (M.D. Ala. Feb. 7, 2025) (Marks, C.J.). This COA grant means the question is debatable and worthy of appellate consideration. In several cases, the United States has elected to intervene following district court certification of the § 2254(d)(1) challenge. *See Suniga v. Lumpkin*, No. 5:22-cv-124 (N.D. Tex.) at Doc. Nos. 59, 62, 66, 69 (supplemental briefing including intervenor briefing of the United States); *Piper*, No. 5:20-cv-5074 (D.S.D.) at Doc. Nos. 132, 136–139.

7

The Sixth Circuit authorized both supplemental briefing and recently heard oral argument on the issue. *See Sanders v. Plappert*, No. 16-6152 (January 29, 2025) (Siler, Gibbons, & Stranch, JJ.). In the Western District of Kentucky, a petitioner's habeas petition was in fact stayed pending resolution of the constitutional question in *Sanders*. *See Epperson v. Hart*, No. 1:18-cv-00100 (W.D. Ky. Jan. 13, 2025) at Doc. 90 (order granting stay "until such time as the United States Court of Appeals for the Sixth Circuit renders its decision in the *Sanders* case with respect to the constitutionality of 28 U.S.C. § 2254(d)(1)"). The Ninth Circuit also recently received amicus briefing on the question, with all parties' consent. *See Mothershead v. Wofford*, No. 24-5706 (9th Cir. Jan. 13, 2025). Clearly, varied district and circuit courts have accepted that *Loper Bright* may have significant legal effect on pending federal habeas cases governed by § 2254(d).

If the Eleventh and Sixth Circuits (in *Washington* and *Sanders*) are going to earnestly consider the question of § 2254(d)(1)'s constitutionality in light of *Loper Bright*, despite the issue never having been raised prior to the denial of the respective petitions in the district courts, it is an abuse of discretion and contrary to law to summarily prohibit Gay an opportunity to even argue the issue in his case.

Neither the Magistrate nor opposing counsel has cited a single case or order where a court found *Loper Bright's* impact on § 2254(d)(1) not worthy of supplemental briefing. The issue is highly relevant to Gay's pending petition, and any determination otherwise is contrary to law and an abuse of discretion. If the Court were to reverse

the Magistrate's order and permit Gay leave to file a supplemental brief, Gay can promptly do so. (*See* Doc. 54 at Exhibit 1).

## CONCLUSION

For the reasons outlined above, Gay respectfully asks the Court to reverse the Magistrate's order. The Court should accept the attached supplemental brief and decide whether 28 U.S.C. § 2254(d)(1)'s deference violates Article III.

Respectfully submitted,

LISA G. PETERS
FEDERAL PUBLIC DEFENDER

By: Melissa Fenwick
Lucie Butner
Federal Public Defender's Office
1401 W. Capitol Ave. Ste. 490
Little Rock, AR 72201
(501) 324-6114
(501) 324-5630 fax
Melissa_Fenwick@fd.org
Lucie_Butner@fd.org