CAPITAL CASE

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RANDY W. GAY                                                                PETITIONER

V.                           CASE NO. 6:23CV06011 SOH-BAB

DEXTER PAYNE, Director,
Arkansas Division of Correction                                      RESPONDENT

**RESPONSE IN OPPOSITION TO MOTION FOR APPEAL OF MAGISTRATE ORDER AND OPINION DENYING PETITIONER'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING**

Comes now the respondent, Dexter Payne, Director, Arkansas Division of Correction, by and through counsel, Tim Griffin, Attorney General, and Walker K. Hawkins, and A. Evangeline Bacon, Assistant Attorneys General, and for his Response, states:

I. **Introduction**

In 2011, Petitioner Randy Gay shot Connie Snow in the face, killing her. He was found guilty of capital murder and sentenced to death. (RWG006805-6806). Gay petitioned for federal habeas relief from his sentence. The case having been fully briefed, he requested leave to file supplemental briefing regarding the constitutionality of the Antiterrorism and Effective Death Penalty Act's deference to state courts' reasonable adjudication of federal constitutional claims. 28 U.S.C.

§ 2254(d)(1); DN 41. Gay claimed supplemental briefing was warranted due to the United States Supreme Court's opinion in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), which struck down *Chevron* deference to executive agencies' reasonable interpretation of ambiguous federal statutes, arguing *Loper Bright*'s holding extended to invalidate § 2254(d)(1)'s deference to state courts' reasonable adjudication of federal constitutional claims. DN 41 at 3-5.

The Magistrate Judge entered a text-only order denying Gay's motion, finding "[t]he *Loper Bright* decision was based on the conclusion that the deference given agency decisions under *Chevron* could not be squared with the language of the Administrative Procedures Act. The *Loper Bright* decision did not render all statutory limits on federal judicial review, including the AEDPA, unconstitutional." DN 52. Gay now seeks to appeal that order.

## II.     Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Western District of Arkansas Local Rule 72.1 (VII.B.), a party may appeal a non-dispositive order of a magistrate judge to the district court within 14 days after being served the order. The district judge must consider the objections raised and modify or set aside any part of the order that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); *United States v. Becerra*, 73 F.4th 966, 972 (8th Cir. 2023).

A finding is clearly erroneous when the entire record definitely and firmly illustrates that a mistake has been made, and a decision is "contrary to law" when it fails to apply or misapplies relevant statutes, case law, or rules of procedure. *E.g.*, *United States v. Marshall*, 411 F.3d 891, 894 (8th Cir. 2005); *Shukh v. Seagate Tech., LLC*, 295 F.R.D. 228, 235 (D. Minn. 2013); *Hill v. Payne*, No. 6:21-CV-6029-SOH-BAB, 2022 WL 22017673, at *2 (W.D. Ark. Feb. 18, 2022). This is an "extremely deferential" standard. *Hill* at *2.

### III. Argument

Gay's asserts the Magistrate's Order was an abuse of discretion, contrary to law, and "an outlier among the courts." DN 55 at 3-8. As above, abuse of discretion plays no part in whether to modify or set aside a magistrate's order. It must be either clearly erroneous or contrary to law, *Becerra*, 73 F.4th at 972, and Gay's argument under an inapplicable standard is meritless. Further, Gay cites to no controlling law that the Magistrate's Order is contrary to. He merely cites to an Eastern District of Arkansas case allowing supplemental briefing on this issue, arguing the basis of that court's decision should apply here. DN 55 at 4. His argument is, in essence, that the Magistrate should have ordered supplemental briefing on *Loper Bright* because other courts have done so. DN 55 at 7-8. That does not mean the Magistrate's Order failed to apply or misapplied any relevant law.

3

Indeed, the Magistrate's Order was entirely correct.  The holding in *Loper Bright* was that *Chevron* could not be squared with the Administrative Procedure Act's directive that "the reviewing court shall decide all relevant questions of law," 5 U.S.C. § 706, which requires courts to exercise their independent judgment to determine what an ambiguous federal statute means.  *Loper Bright*, 603 U.S. at 412 (holding "[c]ourts must exercise independent judgment in determining the meaning of statutory provisions, *as the APA requires*") (emphasis added).  This is precisely what the Magistrate's Order found.  DN 52.

In any event, supplemental briefing on the constitutionality of § 2254(d)(1) under Article III of the Constitution would serve no purpose.  The Supreme Court has held that § 2254(d)(1) is constitutional.  In *Brown v. Davenport*, the Court held that § 2254(d) "supplies a constitutionally valid rule of decision." 596 U.S. 118, 127 (2022).  Thus, "federal courts must follow it." *Id.*  The Court reached the same conclusion over 20 years prior to *Brown*, expressly rejecting the argument that § 2254(d)(1) was an unconstitutional encroachment upon the federal courts' power to decide cases under Article III.  *Williams v. Taylor*, 529 U.S. 362, 411-413 (2000).  In *Williams*, Justice Stevens claimed that § 2254(d)(1) would violate Article III if it were read to require deferential review, *id.* at 378-379 (opinion of Stevens, J.), and therefore must only require federal courts to "attend to every state-court judgment with utmost care" while ultimately exercising "independent

judgment," *id.* at 390.  The majority rejected Justice Stevens's construction of the statute and read § 2254(d) to bar issuing the writ unless a habeas court determined the state court's application of federal law was unreasonable, thereby necessarily rejecting Justice Stevens's claim that such a reading of § 2254(d)(1) would be unconstitutional.  *Id*. at 409-411.

This Court cannot overturn these cases, even if it believed *Loper Bright* applied to § 2254(d)(1).  *Loper Bright* did not overrule *Brown* and *Williams* and did not even discuss § 2254(d)(1).  A lower court may not "conclude [that the Supreme Court's] more recent cases have, by implication, overruled an earlier precedent."  *Agostini v. Felton*, 521 U.S. 203, 237 (1997).  Even "[i]f a precedent of [the Supreme Court] has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, [the lower court] should follow the case which directly controls, leaving to [the Supreme Court] the prerogative of overruling its own decisions."  *Rodriguez de Quijas v. Shearson/Am. Exp., Inc.*, 490 U.S. 477, 484 (1989).  Therefore, supplemental briefing would serve no purpose because this Court must follow *Brown* and *Williams*.  Accordingly, the Magistrate's Order was not clearly erroneous or contrary to law.

WHEREFORE, Respondent respectfully requests this Court affirm and adopt the Magistrate's Order denying supplemental briefing.

Respectfully submitted,

TIM GRIFFIN
Attorney General

BY: WALKER K. HAWKINS
Arkansas Bar No. 2018148
Assistant Attorney General
323 Center Street, Suite 200
Little Rock, Arkansas 72201
(501) 682-8112 [phone]
(50l) 682-2083 [fax]
walker.hawkins@arkansasag.gov

A. EVANGELINE BACON
Arkansas Bar No. 2020131
Assistant Attorney General
323 Center Street, Suite 200
Little Rock, Arkansas 72201
(501) 682-8068 [phone]
evangeline.bacon@arkansasag.gov

**ATTORNEYS FOR RESPONDENT**