IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RANDY WILLIAM GAY                                                                                         PETITIONER

v.                                              Civil No. 6:23-cv-06011

DEXTER PAYNE, DIRECTOR,
ARKANSAS DIVISION OF CORRECTION                                                    RESPONDENT

## OPINION AND ORDER

On February 25, 2025, United States Magistrate Judge Barry A. Bryant entered an Order denying the Motion to File Supplemental Briefing filed by Petitioner Randy W. Gay ("Gay"). ECF No. 52. On March 11, 2025, Gay filed a Motion to Appeal. ECF No. 54. It is this appeal that is currently before the Court.

## I.   BACKGROUND

On May 10, 2011, Gay fatally shot Connie Snow. *Gay v. State,* 506 S.W.3d 851, 854 (Ark. 2016). In March of 2015, Gay was convicted of capital murder and sentenced to death. The conviction was affirmed on direct appeal. *Id.* at 855. Gay's petition filed pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure was denied. *Gay v. State,* 2022 Ark. 23 (Ark. 2022). Gay then filed this habeas corpus action under 28 U.S.C. § 2254.

On December 30, 2024, Gay filed a motion to file supplemental briefing regarding the constitutional validity of 28 U.S.C. § 2254(d)(1), a provision of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), in light of *Loper Bright Enterprises v. Raimondo,* 603 U.S. 369 (2024). Gay argued deference should no longer be given to erroneous decisions about federal law

1

made by non-Article III actors—state court judges—so long as their error is reasonable. Gay maintains that § 2254(d)(1) unconstitutionally compels federal judges to abdicate their judicial power under Article III.

## II. APPLICABLE STANDARD OF REVIEW

Magistrate judge authority over nondispositve matters is governed by 28 U.S.C. § 636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure. However, a magistrate judge's decision pursuant to § 636(b)(1)(A) is not considered final and initial review rests with the district court. *LeGear v. Thalacker,* 46 F.3d 36, 37 (8th Cir. 1995) (citation omitted). A party may seek review of a decision on a nondispositive matter within fourteen days. Fed. R. Civ. P. 72(a). The standard of review is deferential. *Roble v. Celestica Corp.,* 627 F. Supp. 2d 1008, 1014). Upon review, a district court may set aside any part of the magistrate judge's order that is clearly erroneous or contrary to law. *Id.*; *see also Ferguson v. United States,* 484 F.3d 1068, 1076 (8th Cir. 2007).

A decision is "'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chakales v. Comm'r,* 79 F.3d 726, 728 (8th Cir. 1996). A decision is "contrary to the law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Knutson v. Blue Cross & Blue Shield of Minnesota,* 254 F.R.D. 553, 556 (D. Minn. 2008) (internal quotation marks and citation omitted).

## III.   DISCUSSION

Section 2254(d)(1) provides as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect

2

> to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.

*Id.*

As stated by the Supreme Court, the AEDPA ("AEDPA") thus imposes a "highly deferential standard for evaluating state-court rulings ... and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quotation marks omitted). In *Shinn v. Kayer,* 592 U.S. 111 (2020), the Court discussed the standard in the following terms:

> Here, the state court applied the correct governing legal principle . . . to the facts of the prisoner's case, so the question is whether its decision involved an unreasonable application of this Court's precedent.   To meet that standard, a prisoner must show far more than that the state courts decision was merely wrong or even clear error. The prisoner must show that the state court's decision is so obviously wrong that its error lies beyond any possibility for fairminded disagreement.   Congress meant this standard to be difficult to meet.

*Id.* at 118 (internal quotation marks and citations omitted).

In *Loper Bright,* the Supreme Court discarded the *Chevron* deference doctrine, *Chrevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837 (1984), which gave deference to a federal agency's reasonable interpretation of a federal statute that "is silent or ambiguous with respect to the specific issue at hand." *Loper Bright,* 603 U.S. at 379-80.   In doing so, the Supreme Court discussed judicial practice dating back to *Marbury v. Madison,* 5 U.S. 137 (1 Cranch) (1803), establishing the elemental proposition that courts must decide all relevant questions of law.  *Loper Bright,* 603 U.S. at 385-391.   The Court then reviewed the provisions of the Administrative Procedure Act ("APA") which specifically provide that "'the reviewing court should decide all questions of law, interpret constitutional and statutory provisions, and determine

the meaning or applicability of the terms of an agency action.'" *Id.* at 391 (quoting 5 U.S.C. § 706). Note was made the APA "prescribes no deferential standard for courts to employ in answering those legal questions." *Id.* at 392. In the Court's view this "omission [was] telling, because Section 706 *does* mandate that judicial review of agency policymaking and factfinding be deferential." *Id.* (emphasis in original) (citing § 706(2)(A) (agency action to be set aside if "arbitrary, capricious, [or] an abuse of discretion"); § 706(2)(E) (agency factfinding in formal proceedings to be set aside if "unsupported by substantial evidence")). The Court stated:

> In a statute designed to serve as the fundamental charter of the administrative state, Congress surely would have articulated a similarly deferential standard applicable to questions of law had it intended to depart from the settled pre-APA understanding that deciding such questions was exclusively a judicial function. But nothing in the APA hints at such a dramatic departure. On the contrary, by directing courts to interpret constitutional and statutory provisions without differentiating between the two, Section 706 makes clear that agency interpretations of statutes—like agency interpretations of the Constitution—are *not* entitled to deference. Under the APA, it thus remains the responsibility of the court to decide whether the law means what the agency says.

*Id.* (emphasis in original) (internal quotation marks and citations omitted). The Court concluded that "[t]he deference *Chevron* requires of courts reviewing agency action cannot be squared with the APA." *Id.* at 396.

Here, Gay argues that the overruling of *Chevron* in the administrative review context means the deference provided to state courts in § 2254 is unconstitutional. Judge Bryant disagreed ruling that the *Loper Bright* decision did not apply outside the agency decision context and was not applicable to a habeas petition pursuant to § 2254. See ECF No. 52 (text only order). This ruling was not contrary to law.

Gay's precise argument has been raised in other courts and rejected. For instance, in an unpublished opinion decided on March 25, 2025, the Sixth Circuit rejected the argument finding

that it suffered from multiple deficiencies. *Miles v. Floyd,* Case No. 24-1096, 2025 WL 902800, at *3 (6th Cir. March 25, 2025). The court identified three deficiencies: (1) *Loper Bright* does not address AEDPA or AEDPA deference; (2) federal courts still must decide questions of law under AEDPA; (3) AEDPA deference allows federal courts to show respect to the role that state courts play in resolving state criminal cases. *Id. See also, Piper v. Jackley,* No. 5:20-cv-05074, 2025 WL 889374 (D.S.D. March 21, 2025) (holding 2254(d)(1) did not prohibit federal judges from interpreting the law independently; Congress has the authority to limit lower federal courts' power to grant habeas relief to petitioners; and "*Loper Bright* in no way suggests that Article III requires lower federal courts to discount state decisions on constitutional issues and review those decisions *de novo*."); *Bates v. Sec'y, Florida Dep't of Corr.,* No. 25-12588, 2025 WL 2305211 (11th Cir. Aug. 1, 2025) (denying a certificate of appealability because the "district court's decision here—specifically, its rejection of Bates's argument that AEDPA deference unconstitutional—is not debatable. At bottom, the Supreme Corut's decision in *Loper Bright* is an interpretation of the Administrative Procedure Act—not the Constitution.");

In *Andrew v. White,* 604 U.S. ___, 145 S. Ct. 75, 220 L. Ed. 2d 340 (2025), the Supreme Court discussed the deference due to state courts in 28 U.S.C. § 2254(d)(1). It noted that "[t]o show that a state court unreasonably applied clearly established federal law, a petitioner must show that the court unreasonably applied 'the holdings, as opposed to the dicta, of this Court's decisions.'" *Id.*, 145 S. Ct. at 80 (quoting *White v. Woodall,* 572 U.S. 415, 419 (2014)). While neither *Loper Bright* nor the constitutional arguments raised as a result of it appears to have been raised, it is noteworthy that applying the deference due state courts under § 2254(d)(1) did not appear to give the Supreme Court pause a mere seven months after *Loper Bright* was decided.

## IV. CONCLUSION

For the reasons stated, Magistrate Bryant's ruling (ECF No. 52) is affirmed.   The Motion to Appeal (ECF No. 54) is **DENIED.**

IT IS SO ORDERED this 25th day of September 2025.

                                      /s/ Susan O. Hickey
                                      Susan O. Hickey
                                      Chief United States District Judge